**Michael Anthony ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0598–CR.**

Court of Appeals of Texas,
1st Dist.

Feb. 25, 1982.

**14**

Ron Mock, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before PRICE, WARREN and DUG-
GAN, JJ.

PRICE, Justice.

This appeal is from a conviction for two counts of aggravated robbery. The jury, finding that the appellant had been previously convicted of a felony, assessed his punishment at confinement for eighty years and one day. The appellant's sole ground of error is that the court erred in failing to grant appellant's motion to dismiss the charges against him and erred in failing to grant his application for a writ of habeas corpus because the state failed to accord the appellant a speedy trial within the time as specified in art. 1, section 20 of the Texas Constitution, and art. 1.05 and 1.03 Tex. Code Crim. Pro. Ann.

The record reflects the following sequence of events:

1. On April 24, 1980, the appellant was arrested on charges forming the basis of this instant case.

2. On April 28, 1980, the appellant appeared before the trial court for a probable cause hearing.

3. On May 8, 1980, the appellant's trial counsel was appointed, and the case was reset for trial on July 7, 1980.

4. On July 7, 1980, the state announced ready for trial, the appellant announced not ready. The cause was reset by agreement of both parties to July 25, 1980.

5. On July 25, 1980, the state informed the trial court it was ready and the appellant stated that he was not ready. The trial was reset to August 6, 1980.

6. On August 6, 1980, the state announced ready, the appellant announced not ready, and the trial was reset to September 2, 1980.

7. On September 2, 1980, the state announced ready, the appellant announced not ready and the trial was reset to September 3, 1980.

8. On September 3, 1980, both sides announced ready for trial. A writ of habeas corpus and a motion for discharge were filed by appellant. After a hearing in which no evidence

was presented, the trial court overruled both motions, and the case proceeded to trial.

The appellant is contending that from the time of his arrest on April 24, 1980, until the date of trial on September 3, 1980, a period of 132 days expired and due to this, his right to a speedy trial was violated, and he was prejudiced because he could not secure the presence of appellant's accomplice, whose testimony "may have changed the outcome of the case."

The right of an individual to a prompt adjudication of any criminal charges pending against him traditionally has been enforced through judicial interpretation of the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution. On July 1, 1978, the Texas Speedy Trial Act went into effect setting out specific time limitations within which action must be taken on criminal matters.

As it applies to the instant case, the pertinent sections of the Texas Act found in Article 32A.02 of the Tex. Ann. Code of Crim. Pro. are as follows:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony; . . .

Section 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded: . . .

(3) a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel, except that a defendant without counsel is deemed not to have consented to a continuance unless the court advised him of his right to a speedy trial and of the effect of his consent;

A close reading of the Texas Speedy Trial Act reveals that it addresses itself to prosecutorial delay and the ability of the state to prepare itself for trial rather than to the judicial process as a whole.

Here the record, as indicated by the trial court's docket sheets, reveals that the state announced ready for trial on at least three separate occasions within the 120 day period. On each such occasion the appellant announced not ready and the cause was reset. The state's declaration of ready is a "prima facie" showing of conformity to the Act, but can be rebutted by evidence submitted by the appellant demonstrating that the state was not ready for trial during the Act's time limits. *Barfield v. State,* 586 S.W.2d 538 (Tex. Cr. App. 1979). No such evidence was produced to rebut the state's announcement of readiness. Consequently, it remained unchallenged.

The appellant next contends that the undue delay of going to trial prejudiced his right to have his accomplice available as a witness. Under the Texas Speedy Trial Act, one is not required to show any harm or prejudice to invoke its mandatory provisions. However, in the instant case the claim of prejudice, although not necessary, would be ill-founded because the appellant made no showing that the absent witness's testimony was material or relevant and that he exercised due diligence in attempting to find him and produce him for trial. *Harris v. State,* 489 S.W.2d 303 (Tex. Cr. App. 1973); *McCarty v. State,* 498 S.W.2d 212 (Tex. Cr. App. 1973).

The state has successfully met its constitutional and statutory burden of according the appellant the right to a speedy trial. The trial court properly overruled appellant's motion to dismiss the charges against him and his application for the writ of habeas corpus.

The appellant's ground of error is overruled and the judgment is affirmed.